IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA CANNON-CONNOR, ELLEN CONNORS-DOUGLAS, GAIL ANN DEAL, TONY HOWARD, MARCUS F. JOHNSON, RENEE M. MAYFIELD, YOLANDA A. STERLING and WILLIE STRINGER,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF EAST ST. LOUIS, ILLINOIS,<br><br>    Defendant. | Case No.: 05-422-DRH |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to quash portions of the subpoena duces tecum propounded upon the Community Development Block Grants (CDBG). **(Doc. 11).** CDBG employed the plaintiffs before they worked for the defendant City of East St. Louis. It is the plaintiffs' reporting the theft of public money by a close relative of a member of the City Council which allegedly triggered the defendant City's retaliation against plaintiffs. Plaintiffs object to the City's attempt to obtain documents regarding the plaintiffs' prior employment at CDBG. Plaintiffs contend the materials sought are irrelevant and they note that the City did not challenge that objection when it was asserted as to similar requests made directly to the plaintiffs.

The City asserts that the requested information is relevant o the plaintiffs' claims that the City retaliated against them by cutting their pay and demoting them. **(Doc. 12).** The City asserts that when the CDBG melded into a City department the plaintiffs were to move into the same

1

positions with the City, with the same salaries they received from the CDBG. When it turned out that the plaintiffs actually retained some benefits they should not have, and they received higher salaries, the City took corrective action, which the City contends has been misconstrued by the plaintiffs as retaliation. Plaintiff counters that the City hired and demoted plaintiffs without having the requested documents, thus illustrating that they are irrelevant. **(Doc. 14).**

> Federal Rule of Civil Procedure 26 provides in pertinent part:
>
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

**FedR.Civ.P. 26(b)(1).**

Plaintiffs' assertion that the City did not base its hiring and demotion decisions on the requested documents is based on facts not in evidence. The requested employment information appears relevant to the City's defense, and is therefore generally discoverable. Whether those documents are ultimately admissible at trial remains to be seen. With that said, defendant's request for "any and all" documents relating to the plaintiffs' employment with CDBG (Category 1 enumerated in the Subpoena) is overly broad. Categories 2-6 enumerated in the subpoena, regarding performance reviews, wages and benefits, hours worked and disciplinary action, do appear relevant to the City's defense and are therefore discoverable.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to quash portions of the subpoena duces tecum propounded upon the Community Development Block Grants **(Doc. 11)** is **GRANTED IN PART AND DENIED IN PART**. Category 1 of the March 2, 2006, subpoena

issued to Community Development Block Grants is **QUASHED**, meaning that Community Development Block Grants shall <u>not</u> produce documents responsive to Category 1. Community Development Block Grants <u>shall</u> produce documents responsive to Categories 2-6. Defense counsel shall inform Community Development Block Grants of this order.

    **IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this order to: Custodian of Records of Community Development Block Grants, 301 West Broadway, East St. Louis, IL 62201.

    **IT IS SO ORDERED.**

    **DATED: March 24, 2006**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**